ORIGINAL

FILED
CLERK

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

SEP 19 2012

PRO SE OFFICE

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

HASHIM RAHMAN,

                  Plaintiff,

    v.

ALLIED INTERSTATE, LLC;
OXFORD HEALTH PLANS (NY), INC.;
and DOES 1-5, inclusive,

                  Defendants.

: Civil Action No.: _____

**CV 12        4682**

**KUNTZ, J.**

**POHORELSKY, M.J.**

## COMPLAINT

Plaintiff, Hashim Rahman, brings this action on his own behalf seeking redress for repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., and the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq., New York General Business Law § 349, and for beach of the implied covenant of good faith and fair dealing by the Defendants. Plaintiff, by way of this Complaint, states as follows:

### JURISDICTION AND VENUE

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA"), New York General Business Law ("NYGBL") § 349, and for beach of the implied covenant of good faith and fair dealing. Pursuant to 15 U.S.C. § 1692k(d), this Court has jurisdiction over actions arising out of violations of the FDCPA.

2. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy that is described herein.

1

3.     Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District, as Defendants transact business in this District and a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

4.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

5.     The Plaintiff, Hashim Rahman ("Plaintiff"), is an adult individual residing at 674 4th Ave., Apt. 3R Brooklyn, NY 11232, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6.     Defendant Allied Interstate, LLC, ("Allied Interstate") is a foreign limited liability company based in Minnesota, whose address for service of process filed with the NYS Dept. of State is 335 Madison Ave., 27th Floor, New York, NY 10017.

7.     Allied Interstate operates as a collection agency and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

8.     Defendant Oxford Health Plans (NY), Inc. ("Oxford Health"), is a New York domestic business corporation with a principle executive office located at 48 Monroe Turnpike, Trumbull, CT 06611.

9.     DOES 1-5 ("Agents") are individuals employed by Allied Interstate and Oxford Healthcare  whose identities are currently unknown to the Plaintiff.  One or more Company Agents may be joined as parties once their identities are disclosed through discovery.

10.     At all times, Allied Interstate and Oxford Health acted by and through one or more of its Agents.

## FACTUAL ALLEGATIONS

2

11.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12.    The Plaintiff allegedly incurred a financial obligation in the approximate amount of $197.87 (the "Debt") to Oxford Health (the "Creditor") in connection with a health insurance premium.

13.    The alleged Debt arose from services provided by the Creditor which were primarily for family, personal, or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

14.    Upon information and belief, the alleged Debt was purchased, assigned, or transferred to by the Creditor to Defendant Allied Interstate for collection, or Allied Interstate was employed by the Creditor to collect the alleged Debt.

15.    The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### A. Plaintiff's Repeated Billing Inquiries with Oxford Health

16.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17.    The Plaintiff had a health insurance policy with Oxford Health based on a contract dated August 1, 2011.

18.    The Plaintiff terminated his insurance policy under the provisions of the contract.

19.    The Plaintiff made his last premium payment at the end of June.

20.    After making the aforementioned payment in June (for the July premium), the Plaintiff called an Oxford Health Agent at 1-800-767-3840 to confirm that the policy was cancelled.

21.     During the aforementioned call, the Agent said no recertification was received, so the policy would be cancelled and no further action was necessary.

22.     During the aforementioned call, the Plaintiff asked the Oxford Heath Agent if there was an outstanding amount due on his policy.

23.     The Agent stated that there was no amount due.

24.     In July, 2012, the Plaintiff sent a letter to Oxford Health requesting a written confirmation that the policy was cancelled as well as notification of any outstanding amount.

25.     The Plaintiff never received a reply to this letter.

26.     The Plaintiff called Oxford Health again on September 5, 2012, and spoke with another Oxford Health Agent.

27.     During the aforementioned call, the Agent told the Plaintiff that his policy was cancelled and fully paid up to July 31, 2012, the last month of coverage.

28.     During the aforementioned call, the Agent verified and stated that there was no amount outstanding.

29.     During the aforementioned call, the Oxford Health Agent provided the following confirmation number : 16543741.

30.     As of the date of the filing of this Complaint, nothing has been received in the mail from Oxford Health.

31.     In August, the Plaintiff received a refund check from Defendant Oxford Health.

32.     Upon information and belief, Defendant Oxford Health had no reason to issue a refund if amounts were still due.

**B. Oxford Healthcare Engages in Deceptive Acts and Unfair Business Practices**

4

33.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.    As stated and explained more fully above, on three separate occasions between June 2012 and the present date, Oxford Health Agents told the Plaintiff that no balance was due.

35.    As stated and explained more fully above, Oxford Health failed to provide the Plaintiff with any records of an amount due, despite the Plaintiff's repeated requests.

36.    Despite Oxford Health's repeated statements, confirmations, and verifications that no amount was due, Oxford Health engaged Allied Interstate to collect a debt of $197.87.

37.    Oxford Health issued the Plaintiff a refund check and immediately thereafter sent an amount due to collection, which was illogical, misleading, deceptive, and unfair.

**C. Allied Interstate Engages in Harassment, Abuse, and Unfair Business Practices**

38.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.    On September 7, 2012, the Plaintiff received a call from an Agent with Allied Interstate on his cell phone.

40.    Regarding the above-mentioned call, the Plaintiff did not answer the call as he was at work, and the Allied Interstate Agent left a voicemail message.

41.    The Plaintiff never provided Allied Interstate with permission to be contacted on his cell phone.

42.    The Plaintiff's cell phone, referenced above, is used for both work and personal use.

5

43.     The above-mentioned voicemail message contained a statement from a male person who said that he was "with Allied Interstate" and "calling on behalf of the Oxford Healthcare account" regarding an amount of 197.87.

44.     The caller in the above-mentioned voicemail made no mention that Allied Interstate was a debt collection company.

45.     The caller in the above-mentioned voicemail made no indication that he was a debt collector attempting to collect a debt.

46.     On September 11, 2012, the Plaintiff sent Allied Interstate a letter by mail which 1) disputed the Debt, 2) requested records on the Debt, and 3) requested cessation of telephone communication.

47.     As of the date of the filing of this Complaint, Defendant Allied Interstate has not responded to this letter.

48.     On September 15, 2012, the Plaintiff received a letter from Allied Interstate, which stated that it was "Regarding Your Account With Oxford Healthcare."

49.     The aforementioned letter stated the following : "Please be advised that unless the balance owed is paid in full within 10 days from the date of this letter, we will presume that you do not wish to resolve this outstanding debt amicably and proceed with further action to collect the date."

50.     The aforementioned letter stated the following : "Due to the serious delinquency of this account our client is demanding immediate payment in full of the amount owed."

51.     The aforementioned letter did not contain any statement regarding the Plaintiff's right to dispute the alleged Debt.

6

52.     The aforementioned letter did not contain any statement regarding the Plaintiff's right to request and obtain validation of the alleged Debt.

53.     The aforementioned letter contained the following statement "We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose." This statement was the same font and typeface as all words in the body of the letter. This statement was inconspicuously placed in the body of the letter, with several paragraphs above and below it.

### D. Plaintiff Suffered Actual Damages

54.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

56.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

57.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### ALLIED INTERSTATE'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, et seq.

58.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

7

59.     The Defendants' conduct violated 15 U.S.C. § 1692e(11) by failing to disclose in their initial communication that the Agent was a debt collector, attempting to collect a debt, and any information obtained would be used for that purpose.

60.     The Defendants' conduct violated 15 U.S.C. § 1692g by failing to provide the Plaintiff a written validation notice as required by the FDCPA.

61.     The Defendants' conduct violated 15 U.S.C. § 1692b(2) by leaving the Plaintiff a voicemail on the Plaintiff's work cell phone with information about an alleged Debt, thereby illegally disclosing this information to third parties.

62.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

63.     The Defendants' conduct violated 15 U.S.C. § 1692j in that Defendants furnished the Plaintiff with a deceptive collection letter.

64.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in conduct the natural consequence of which was to harass, oppress, and abuse the Plaintiff.

65.     The Defendants' conduct violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect an alleged debt.

66.     The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that the Plaintiff requested that Defendants to verify the alleged Debt, and Defendants did not verify the alleged Debt.

67.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including, but not limited to, every one of the above-cited provisions.

68.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## ALLIED INTERSTATE'S VIOLATIONS OF
## THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227, et seq.

69.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

70.     Upon information and belief, Defendant Allied Interstate used an automatic

dialing system to place a call to the Plaintiff. An automatic dialing system is defined in 47

U.S.C. § 227(a)(1) as equipment that has the capacity to dial and "to store or produce numbers to

be called, using a random or sequential number generator."

71.     Defendant Allied Interstate's conduct violated 47 U.S.C. § 227(b)(1)(A)(iii) in

that Defendants used an automatic dialing system to call Plaintiff's cellular phone without

Plaintiff's permission.

72.     The foregoing act and omission of the Defendant constitutes a clear and manifest

violation of the TCPA.

73.     The Plaintiff is entitled to damages as a result of Defendant Allied Interstate's

violation.

## COUNT III
## OXFORD HEALTH'S VIOLATIONS OF
## NEW YORK GENERAL BUSINESS LAW § 349

74.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

75.     New York General Business Law § 349 prohibits "deceptive acts or practices in

the conduct of any business, trade, or commerce or in the furnishing of any service" in the State

of New York.

76.     By acting as a health insurance provider, Defendant Oxford Health conducts "business" or provides a "service" within the meaning of New York General Business Law § 349.

77.     Defendant Oxford Health engaged in deceptive acts and practices in connection with the business and services it provided to the Plaintiff by: 1) repeatedly informing and confirming that the Plaintiff did not have a past due amount, 2) issuing the Plaintiff a refund which further confirmed to Plaintiff that no amount was past due, and 3) sending a past due amount to collection after informing the Plaintiff that no amount was past due and after issuing him a refund.

78.     The aforementioned acts by Oxford Health were deceptive and misleading in a material sense.

79.     The aforementioned acts by Oxford Health caused injury to the Plaintiff.

80.     By reason of the conduct alleged above, Defendant Oxford Health engaged in deceptive conduct in violation of New York General Business Law § 349.

## COUNT III
## OXFORD HEALTH'S BREACH OF COVENANT
## OF GOOD FAITH AND FAIR DEALING

81.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

82.     The Plaintiff contracted with Defendant Oxford Health for provision of a health insurance policy.

83.     Upon information and belief, the terms and conditions of this agreement are embodied an insurance member handbook provided to the Plaintiff by the Defendant Oxford Health.

84.    Implied within this agreement were the covenants of good faith and fair dealing. As such, each party had a duty of good faith and fair dealing. Good faith and fair dealing, in connection with discharging contractual performance and other duties according to the contracts terms, prohibits a party from taking an action or making any omission or engaging in any conduct which would have the effect of destroying or injuring the other party's right to obtain the benefits prescribed by the terms of the contract.

85.    By making repeated statements that the Plaintiff had no amount due, and thereafter sending the Plaintiff's account to collections, Defendant Oxford Health denied the Plaintiff his ability to make a fair and accurate accounting of his premium payments.

86.    By making repeated statements that the Plaintiff had no amount due, if such statements were actually false, Defendant Oxford Health denied the Plaintiff his ability to make proper payments on premiums under the terms of the contract.

87.    Based on the aforementioned acts and omissions, the Defendant Oxford Health has breached the implied covenant of good faith and fair dealing inherent in the aforementioned agreement.

88.    The Plaintiff performed all, or substantially all, of the obligations imposed on him via the aforementioned agreement.

89.    The Plaintiff has sustained damages as a result of Defendant Oxford Health's breach of the implied covenant of good faith and fair dealing.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages including, but not limited to, the emotional distress the Plaintiff has suffered and continues to suffer as a result of the intentional, reckless, and/or negligent FDCPA

11

violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1) by Defendant Allied Interstate;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant Allied Interstate;

3. The greater of actual monetary loss or $500.00 (for each call placed in violation of the TCPA), pursuant to 47 U.S.C. §227(c)(5) against Defendant Allied Interstate;

4. Actual and/or statutory damages pursuant to New York General Business Law § 349 against Defendant Oxford Health;

5. Costs of litigation pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants; and

6. Such other and further relief that the Court may deem just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated:  September 19, 2012

Respectfully submitted,

By:

Hashim Rahman
*Pro Se* Plaintiff
156 Water Street
Brooklyn, NY 11201
hrahman@rahmanlegal.com
Phone: (347) 433-6139
Fax:    (347) 382-9457